**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JANET REEP, et al.,**

      **Plaintiffs,**

**vs.**                              **Case No.  8:04-cv-1415-T-30MSS**

**BUSCH ENTERTAINMENT CORPORATION,**
**d/b/a Busch Gardens,**

      **Defendant.**
_____/

**<u>ORDER</u>**

      This cause comes on for consideration upon the filing of Defendant, Busch Entertainment Corporation's Motion for Rule 35 Examination (Dkt. 12) and Plaintiffs' Response in Opposition (Dkt. 15).  Defendant seeks and Order compelling Plaintiff, Janet Reep, to submit to an examination by Cathy McVey ("McVey"), a Certified Vocational Rehabilitation Counselor, pursuant to Federal Rule of Civil Procedure 35.  Plaintiffs respond that Rule 35 does not permit examinations by vocational experts and Defendant has not shown good cause for such an examination.

      Plaintiffs brought this negligence action against Defendant for damages allegedly sustained after Plaintiff, Janet Reep ("Reep"), fell at Defendant's theme park, Busch Gardens, and crushed her right hand and fingers.  (Dkt. 2).  Defendant states that Plaintiffs seek damages for past wage loss and diminished future earning capacity in their Complaint and Rule 26 Initial Disclosures.  Thus, Defendant argues that Reep should have to submit to an examination by McVey, consisting of an interview and various vocational testing.  Plaintiffs state that Reep has already submitted to a Rule 35 examination by both Defendant's orthopedist and psychiatrist.  Plaintiffs argue that Rule 35

provides only for physical and mental examinations, both of which have already been performed; a third examination would be excessive; Defendant has not shown that McVey is certified to conduct physical or mental examinations; Defendant has access to sufficient records for Defendant's Vocational Expert to render an opinion; and Defendant has failed to show good cause for such an examination.

Rule 35(a) provides:

When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination *by a suitably licensed or certified examiner* or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.  Fed. R. Civ. P. 35(a) (emphasis added).

Reep's mental or physical condition is clearly "in controversy" here where Reep seeks damages for permanent or continuing injuries sustained as the result of a fall.  Further, Plaintiffs' counsel has already produced Reep for both a physical and mental examination under Rule 35.

Plaintiffs argue that a vocational evaluation is not permitted by Rule 35.  In 1991, Rule 35 was expanded from permitting examinations by only physicians and psychologists to include examinations by "a suitably licensed or certified examiner," described by the Advisory Committee as "other certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of dispute."  Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999); Wilks v. Epic Marine, LLC, 2003 WL 22272191, at *1 (E.D. La. Sept. 26, 2003).  The Rule nevertheless continues to describe the nature of the permitted

2

examinations as "physical or mental."  Due to the 1991 revision, several courts addressing the issue of whether Rule 35 encompasses examinations by vocational experts have found in the affirmative. See Jefferys, 184 F.R.D. at 263; Fisher v. Coastal Towing Inc., 168 F.R.D. 199, 201 (E.D. Tex. 1996)(citing Olcott v. LaFiandra, 793 F. Supp. 487, (D. Vt. 1992)); Stewart v. Burlington Northern R. Co., 173 F.R.D. 254, 256 n.2 (D. Minn. 1995).  However, at least one court has found that pure vocational assessments not connected with any physical or mental examination are not permitted under Rule 35(a).  Storms v. Lowe's Home Centers, Inc., 211 F.R.D. 296, 298 (W.D. Va. 2002). The court in Storms aptly noted that (1) the court in Jefferys found that a vocational rehabilitation counselor is a suitably licensed examiner without explaining whether a vocational evaluation is a physical or mental examination; (2) the court in Fischer failed to address whether a vocational examination is physical or mental; and (3) the Court in Olcott specifically found that the examiner was qualified to conduct a physical examination.  Id. at 297.  Further, the plaintiff in Stewart did not "question the propriety of compelling a vocational examination when the Plaintiff places that aspect of his future employability in contest."  Stewart, 173 F.R.D. at 256 n.2.

Here, Defendant states that Ms. McVey "is a Certified Vocational Rehabilitation Counselor, as well as a Certified Disability Management Specialist." (Dkt. 12 at p. 1).  However, Defendant has made no showing that McVey is suitably licensed or certified to conduct a physical or mental examination as is specified by the plain language of Rule 35 such that McVey would be able to render "valuable testimony about the physical or mental condition that is the subject of dispute."  See Olcott, 793 F. Supp. at 492 (ordering the plaintiff to submit to an independent vocational rehabilitation evaluation where the evidence presented indicated that the examiner was qualified to render a physical examination).  As Defendant has failed to meet this threshold requirement, the

Court need not address whether Defendant has made the requisite showing of "good cause" as is required by the Rule and described by the United States Supreme Court as:

> an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

Accordingly, it is **ORDERED** that Defendant Busch Entertainment Corporation's Motion for Rule 35 Examination (Dkt. 12) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 17th day of November, 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record

4